U.S.C.A. NO. 13-30156

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
*Plaintiff-Appellee*,

v.

RASHAD Q. SANDERS,
*Defendant-Appellant*.

Appeal from the United States District Court
for the District of Oregon

Honorable Marco A. Hernandez
United States District Judge

U.S.D.C. No. 3:11-cr-00385 HZ

**OPENING BRIEF OF APPELLANT**

[Filed pursuant to *Anders v. California*,
386 U.S. 738. 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967)]

ROBERT W. RAINWATER
RAINWATER LAW GROUP
1430 Willamette Street, Suite 492
Eugene, Oregon 97401
Telephone: (541) 344-1785

Attorney for Defendant/Appellant
RASHAD Q. SANDERS

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    QUESTION PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       CAN MR. SANDERS APPEAL HIS CONVICTION AND SENTENCE IN LIGHT OF HIS WAIVER OF APPEAL IN THE PLEA LETTER WHICH, WAS CONFIRMED AT THE PLEA COLLOGUE AND THE SENTENCING HEARING?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV.  BAIL STATUS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V.   STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

VI.  STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

VII. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       MR. SANDERS CANNOT APPEAL HIS SENTENCE IN LIGHT OF HIS WAIVER OF APPEAL IN THE PLEA AGREEMENT.. . . . . . . . . . . 7

           1. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
           2. Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VIII. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF RELATED CASES PURSUANT
TO CIRCUIT RULE 28-2.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATION OF COMPLIANCE PURSUANT TO
FED.R.APP. 32(a)(7)(C) AND CIRCUIT RULE 32-1. . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Anders v. California*, 386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*United States v. Birges*, 723 F.2d 660 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Birtle*, 792 F.2d 846 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Bynum*, 362 F.3d 574 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . 7

*United States v. DeSantiago-Martinez*, 980 F.2d 582 (9th Cir. 1992). . . . . . . . . . . . 7

*United States v. Jeronimo*, 398 F.3d 1149 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . 7

*United States v. Littlejohn*, 224 F.3d 960 (9th Cir. 2000).. . . . . . . . . . . . . . . . . . . 7

*United States v. Michlin*, 34 F.3d 896 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Ruiz*, 241 F.3d 1157 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Schaflander*, 743 F.2d 714 (9th Cir. 1984).. . . . . . . . . . . . . . . . . 8

*United States v. Speelman*, 431 F.3d 1226 (9th Cir. 2005).. . . . . . . . . . . . . . . . . . 7

## FEDERAL STATUTES

18 U.S.C. § 2423(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
18 U.S.C. § 1591(a)(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
18 U.S.C. § 1594. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
18 U.S.C. § 3742.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
28 U.S.C. § 1291.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
28 U.S.C. § 2255.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# FEDERAL RULES

## Federal Rules of Appellate Procedure

Rule 32.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Circuit Rules

Rule 28-2.6.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Rule 32-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S.C.A. NO. 13-30156

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
*Plaintiff-Appellee*,

v.

RASHAD Q. SANDERS,
*Defendant-Appellant*

Appeal from the United States District Court
for the District of Oregon

Honorable Marco A. Hernandez
United States District Judge

U.S.D.C. No. 3:011-cr-00385-HZ

**OPENING BRIEF OF APPELLANT**

[Filed pursuant to *Anders v. California*,
386 U.S. 738. 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967)]

ROBERT W. RAINWATER
RAINWATER LAW GROUP
1430 Willamette, Suite 492
Eugene, Oregon 97401
Telephone: (541) 344-1785

Attorneys for Defendant/Appellant
RASHAD Q. SANDERS

I.

QUESTION PRESENTED

CAN MR. SANDERS APPEAL HIS CONVICTION AND SENTENCE IN LIGHT OF HIS WAIVER OF APPEAL IN THE PLEA LETTER WHICH, WAS CONFIRMED AT THE PLEA COLLOGUE AND THE SENTENCING HEARING?

II.

SUMMARY OF ARGUMENT

Mr. Sanders waived his right to appeal his conviction and sentence in his plea agreement letter with the government, orally in open court at his plea collogue, and at his sentencing hearing. His appeal waiver requires that the appeal of his conviction and sentence herein be dismissed.

Counsel cannot discover a non-frivolous issue on appeal and requests permission to withdraw. *Anders v. California*, 386 U.S. 738 (1967).

III.

JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231. A final judgement of conviction and sentence was entered on June 4, 2013. ER[1] 101-

---

[1]"ER" refers to the Excerpt of Record filed concurrently with the appellant's brief; "CR" refers to the Clerks Record. "PIR" refers to the presentence investigation report filed under seal concurrently with the appellant's brief; "RTP" refers to the Reporter's Transcript of the plea hearing on January 22, 2013; "RTS"

106, CR 89. The appellant, Rashad Q. Sanders, filed a notice of appeal on June 5, 2013. ER 107, CR 91. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## IV.

## BAIL STATUS

On June 3, 2013, the district court sentenced Mr. Sanders to 194 months imprisonment. ER 93, 102, CR 89. Mr. Sanders is currently in the custody of the Bureau of Prisons at the United State Penitentiary Tucson, in Tucson, Arizona. His current release date is December 1, 2025.

## V.

## STATEMENT OF THE CASE

In a four-count superseding indictment filed January 24, 2012, the government charged Mr. Sanders with transportation of a minor a violation of 18 U.S.C. § 2423(a) [Counts One and Two] and sex trafficking of a minor a violation of 18 U.S.C. §§ 1591(a) and (b)(2), 1594 [Counts Three and Four]. ER 1-3, CR 28. The government and Mr. Sanders signed a plea agreement letter, filed it with the court, and the court accepted Mr. Sanders' guilty plea, all on January 22, 2013.

---

refers to the Reporter's Transcript of the sentencing hearing on June 3, 2013.

ER 4-7, CR 60, 62-63. Mr. Sanders pled guilty to Counts One, Three, and Four of the indictment, one count of transportation of a minor and two counts of sex trafficking of a minor, pursuant to the plea agreement letter. ER 4, 39-40, CR 63.

On June 3, 2013, the district court sentenced Mr. Sanders to prison for 194 months, to be followed by term of 120 months of supervised release. ER 102-03, CR 89. The court also imposed a special penalty assessment of $300. ER 105, CR 89. Mr. Sanders filed a timely notice of appeal on June 5, 2013. ER 107, CR 91.

VI.

STATEMENT OF FACTS

In September 2008, Mr. Sanders transported a female under the age of 18, "C.K.," in interstate commerce from Minnesota to Oregon with the intent that she engage in prostitution. [Count One] ER 13. Also, in September 2008, Mr. Sanders transported a person, "D.M.," who was caused to engage in a commercial sex act while in reckless disregard that the person had not attained the age of 18 years while in or affecting interstate commerce. [Count Three] ER 13. Finally, in May of 2011, Mr. Sanders harbored and transported a person known as "C.C." while in reckless disregard of the fact that she had not attained the age of 18 years and would be caused to engage in a commercial sex act, while in or affecting interstate commerce. [Count Four] ER 14. As to D.M. and C.K., Mr. Sanders had contacted them after seeing

advertisements on Craiglist in Minnesota and arranged to provide transportation to Portland, Oregon so that they could make a better living as prostitutes in Oregon. PIR 4-5. While in Portland the women engaged in sex acts, which Mr. Sander's helped arrange. PIR 4-5. As to "C.C.," Mr. Sanders was at a Portland area motel with her in May of 2011 and intended to help her to engage in commercial sex acts. PIR 5-7.

Mr. Sander pleaded guilty to one count of transporting a minor and two counts of sex trafficking of a minor on January 22, 2013, pursuant to a plea agreement with the government. ER 4, CR 60. The other count in the indictment was dismissed at the sentencing hearing. RTS 48-49, ER 96-97, CR 88.

> As part of the plea agreement letter Mr. Sanders signed, he agreed that:
>
> "Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guideline Chapters 4 or 5K, or (3) the Court exercises it discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range." ER 6.

During the change of plea hearing the district court judge had the following discussion with Mr. Sanders:

> "THE COURT: I want you to look at the – do you have a copy of the agreement in front of you? Look at Paragraph No. 11. This is an important paragraph. It is the most important paragraph to me, and it should be important to you as well.

4

  It says defendant knowingly and voluntarily waives the right to appeal any aspect of a conviction and sentence upon any grounds, and there's some exceptions.
  One, the sentence exceeds the statutory maximum. Well, it is not going to do that because I'm going to sentence you according to the agreement;
  Two, the court arrives at a guideline range by applying an upward departure. Again, that's not going to happen in this case;
  Three, the court exercises it discretion and imposes a sentence which exceeds the guideline range. Again, that's not going to happen in this case. In partitcular, because I'm going to sentence you according to your agreement or allow you to withdraw your plea.
  And then finally, you can appeal whether your lawyer was competent in representing you. I can tell you the likelihood of your winning an appeal on that basis is very, very slim, not good.
  So, Mr. Sanders, what I want to know is that you are going to have to live with the sentence that I impose. The likelihood of you getting that sentence overturned is almost nonexistent.
  Do You understand?
THE DEFENDANT: Yes.
THE COURT: Do you have any questions about that?
THE DEFENDANT: No." RTP 20-21, ER 36-37.

  The presentence investigation report determined that Mr. Sanders's offense level was a 35, his criminal history category was V, and therefore, his guideline sentencing range was 262 to 327 months. PIR 8-10, 14. In its sentencing recommendation the presentence investigation report recommended a downward variance of the sentence to 210 months. See PIR sentencing recommendation at page 1. The recommendation of the probation office was consistent with the terms

5

of the plea agreement, which provided for a sentence of imprisonment between 188 to 210 months. ER 5.

At the sentencing hearing the court found that the total offense level was 32 and based on a criminal history category of V that the guideline range was 188 to 235 months. RTS 20, ER 68. The government recommended a sentence of 210 months pursuant to the plea agreement. RTS 21, ER 69. Counsel for Mr. Sanders requested the court sentence Mr. Sanders to a term of 188 months of imprisonment, the low end of the guideline range. RTS 26-30, ER 74-78. The Court then chose to sentenced Mr. Sanders to a term of imprisonment of 194 months. RTS 45, ER 93. After sentencing Mr. Sanders, the Court stated:

> "THE COURT: Mr. Sanders, I note that you have waived some or all of your appellate rights as part of the plea agreement. Such waivers are generally enforceable. If you believe your agreement allows you to appeal, you must file a notice of appeal within 14 days of the entry of the judgment. If you're unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the clerk of the court will prepare and file a notice of appeal on your behalf. RTS 48, ER 96.

After the sentencing hearing, Mr. Sanders filed an appeal because he wishes to set aside his conviction on the grounds that his trial counsel provided ineffective assistance of counsel in preparing and investigating his case. *See* Declaration in Support of Motion to Withdraw as Counsel Record at 2.

VII.

ARGUMENT

MR. SANDERS CANNOT APPEAL HIS SENTENCE IN LIGHT OF HIS WAIVER OF APPEAL IN THE PLEA AGREEMENT.

1. Standard of Review.

Whether a defendant has waived his statutory right to appeal by plea agreement is reviewed de novo. *See United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005); *United States v. Bynum*, 362 F.3d 574, 583 (9th Cir. 2004). The validity of a waiver in a plea agreement is reviewed de novo. *See United States v. Ruiz*, 241 F.3d 1157, 1163 (9th Cir. 2001), *rev'd on other grounds*, 536 U.S. 622 (2002); *United States v. Littlejohn*, 224 F.3d 960, 964 (9th Cir. 2000).

2. Argument.

If a waiver of appeal is valid, the appeal must be dismissed. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994) (citing *United States v. DeSantiago-Martinez*, 980 F.2d 582, 583 (9th Cir. 1992). "'A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.' *United States v. Jeronimo* 398 F.3d 1149, 1153 (9th Cir. 2005)" *United States v. Speelman, supra* at 1229.

7

The only issue that Mr. Sanders has raised regarding his conviction and sentence is that his counsel was ineffective in his preparation and investigation of the case prior to his entry of his plea. In order to raise this claim he would need to present facts to the court which were outside the record. The best way to raise this claim, which was preserved in his plea agreement, is to bring a petition for habeas corpus relief pursuant 28 U.S.C. § 2255. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, *United States v. Birges*, 723 F.2d 660, 670 (9th Cir. 1984), and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal, *see id*." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) Given that no evidence is currently in the record regarding counsel preparation and investigation in this case the court should not address the issue on appeal.

At a hearing, pursuant to § 2255, Mr. Sanders could request an evidentiary hearing where facts could be presented on the issue of the effectiveness of his counsel in terms of his trial preparation and investigation. A prisoner making a motion under § 2255 is entitled to an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 18 U.S.C. § 255; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986).

8

On an appeal Mr. Sanders would be unable to present sufficient grounds to challenge his attorney's conduct, due to lack of evidence in the record.

Here, Mr. Sanders' plea agreement prevents him from appealing his conviction or sentence with three exceptions regarding the length of the sentence imposed on him. ER 6. Mr. Sanders was sentence within the agree upon range in his plea agreement and that sentence did not violate any of the three exceptions because: (1) the sentence did not exceed the statutory maximum term of imprisonment; (2) the Court did not use any upward departures in arriving at Mr. Sanders' sentencing guideline range; and (3) the court sentenced Mr. Sanders within the guideline range. Therefore, it appears that Mr. Sanders has no issue to raise on appeal that is not waived by the language of his plea agreement or more appropriately raise, as allowed in the plea agreement, by way of 28 U.S.C. § 2255.

Mr. Sander's waiver appears from the record to be voluntary, he signed the plea agreement letter, which included the waiver; he agreed to the waiver when asked by the Court during his plea hearing; and the Court reiterated that waiver at sentencing with no objection by counsel or Mr. Sanders. Additionally, Mr. Sanders has not made a claim that his waiver was other than knowing and voluntary.

9

Therefore, the wavier is valid and the appeal should be dismissed. Mr. Sanders has raised no other non-frivolous issue on appeal for this court to review.

## VIII.

## CONCLUSION

It appears that Mr. Sanders has no non-frivolous issue on appeal, and counsel for Mr. Sanders hereby request permission to withdraw. *Anders v. California*, 386 U.S. 738 (1967).

Dated: September 4, 2013

                                          Respectfully submitted,

                                          <u>/s Robert W. Rainwater</u>
                                          ROBERT W. RAINWATER
                                          Attorney for Defendant/Appellant
                                          RASHAD Q. SANDERS

## CERTIFICATE OF RELATED CASES PURSUANT

## TO CIRCUIT RULE 28-2.6

I am unaware of any cases pending in this Court that are related within the meaning of Circuit Rule 28-2.6.

Dated: September 4, 2013

/s Robert W. Rainwater
ROBERT W. RAINWATER
